siderable property from their parents, John Conselyea and Sarah Conselyea. In April of 1905 the brothers quarreled. Charles, the incompetent, shot the appellant. Charles was indicted for assault in the first degree. He was tried in the County Court of Kings county and convicted. After the assault and before his trial the public officials came to the conclusion that there was some question as to his sanity. An investigation was made and he was found sane. Then he was tried. He was sentenced to Sing Sing prison for not less than two nor more than five years. His term of imprisonment began on the 20th day of July, 1905. On March 10, 1906, he was transferred to Dannemora State Hospital because he had become insane. He has been in Dannemora State Hospital ever since. Plaintiff having been appointed committee of the estate of the incompetent has brought this action for an accounting.

*Albert E. Richardson* for appellant.

*Rawdon W. Kellogg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN and POUND, JJ.

---

JOHN W. SIMPSON et al., Respondents, *v.* METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK, as Administrator of the Estate of ALEXANDER McDONALD, Deceased, Appellant.

*Simpson* v. *Metropolitan Trust Co., N. Y.,* 169 App. Div. 923, affirmed.

(Argued December 5, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1915, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court upon the pleadings in an action upon a promissory note.

The answer alleged in substance that the sole consideration for the note in suit was the payment of a fee for legal services, the claimants being the attorneys for the makers of the note, and withholding from them at the time all knowledge of the fact that they had already received approximately the same amount from another source for the same work.

*Nash Rockwood* and *Lawrence B. McKelvey* for appellant.

*Graham Sumner* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN and POUND, JJ.

---

MARY E. BRUCK, as Executrix of FRANK J. BRUCK, Deceased, Respondent, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Bruck* v. *N. Y. C. & H. R. R. R. Co.*, 165 App. Div. 621, reversed. (Argued December 5, 1916; decided December 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 10, 1914, reversing a judgment in favor of defendant entered upon a verdict and granting a new trial in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of the defendant, his employer. The testator, while employed as a fire cleaner in one of defendant's round houses, was run over by an engine and died from the injuries received. The answer denied any negligence on the part of the defendant; alleged that the accident which caused the death of plaintiff's intestate was occasioned by reason of his own negligence or the negligence of a fellow-servant, and that his death was due to one of the risks incident to his employment, obvious,